# FRANK HANDELMAN

LAW OFFICES

780 THIRD AVENUE

4TH FLOOR

FRANKHANDELMAN@GMAIL.COM          NEW YORK, NEW YORK 10017          (212) 471-6239 · FAX (212) 935-5012

**BY ECF**

July 15, 2010

Honorable John Gleeson
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

## Re: Ramchair v. Conway, 04-cv-04241(JG)

Dear Judge Gleeson:

Please accept this letter-memorandum as a reply to the Queens District Attorney's submission of July 6, 2010 as to the issue of their late notice of intent to retry Racky Ramchair. In his Affidavit and Memorandum of Law, ADA Castellano for the Queens District Attorney contends that the 36-day delay beyond the allotted 45 days to announce their intention to retry was both excusable under the law and resulted in no prejudice to Ramchair. In fact, the law does not support their contention and Ramchair is prejudiced by this delay.

I. **The Court should order an unconditional writ of habeas corpus for petitioner, due to the prosecution's non-compliance with the Court's order to submit a notice of intent to retry petitioner within 45 days.**

The court should not extend the period for compliance with its order granting petitioner's writ because there is no cause for respondent's 36-day delay in stating its intent to retry petitioner.

The very essence of a conditional writ of habeas corpus is an accommodation to the state, allowing it a window of time in order to correct a constitutional error. _Phifer v. Warden_, 53 F.3d 859, 864-65 (1995). When the respondent fails to comply with the court's specified conditions, a "conditional grant of a writ of habeas corpus _requires_ the petitioner's release from custody." _Fisher v. Rose_, 757 F.2d 789, 791 (6th Cir.1985) (emphasis added).

FRANK HANDELMAN

*Honorable John Gleeson*
*July 15, 2010*

"[T]he sole distinction between a conditional and an absolute grant of the writ of habeas corpus is that the former lies latent unless and until the state fails to perform the established condition, at which time the writ springs to life." *Gentry v. Deuth,* 456 F.3d 687, 692 (6th Cir.), *cert. denied,* 549 U.S. 1097, 127 S.Ct. 838, 166 L.Ed.2d 667 (2006). It is at the moment that the respondent does not comply with its conditions that the petitioner, who has already been deemed to be the victim of a constitutional injustice, is then eligible to have his or her right to personal liberty reinstated, which lies at the foundation of a writ of habeas corpus *Fay v. Noia,* 372 U.S. at 430-31, 83 S.Ct. at 844.

In this case, the court allowed the respondent 45 days to give notice of its intent to retry the petitioner. Upon the conclusion of those 45 days, no notice was received nor had respondent submitted a request for an extension to comply with the court's order. Furthermore, respondent had prior notice, commencing in April 2008 when the initial writ of habeas corpus was granted in *Ramchair v. Conway,* U.S. Dist. LEXIS 27682, that it would quite likely need to make an eventual decision regarding whether or not to retry Ramchair.

When a petitioner alleges noncompliance with a conditional writ, the district court must make a finding concerning the sufficiency of the action that the state took pursuant to its mandate. *Phifer v. Warden,* 53 F.3d 859 (1995). In some instances, there may be a dispute as to whether the state fulfilled its obligation under a conditional writ (*Phifer*); this is not the case here. The respondent's failure to state its intention during the initial 45 day period indicates a disregard for the time frame set forth by the court; nor can respondent argue that they were unprepared for the granting of the writ and had many issues to weigh for the first time in those 45 days. The case has a long history, and as noted above, respondent was on at least constructive notice as early as April 2008 that a decision on this issue would be needed.

While the district court has the authority to grant an extension for compliance, such an extension is based on the court's own discretion and a determination that the respondent has supplied legitimate reasons for its delay *Gentry,* 456 F.3d at 692 . While there are no hard and fast rules in determining whether to permit an extension, the court may look at factors such as if the petitioner contributed to the delay (clearly not the case here) *Gibbs v. Frank,* 500 F.3d 202, 208-09 (3d Cir.2007), *cert. denied* --- U.S. ----, 128 S.Ct. 1236, 170 L.Ed.2d 81 (2008); see also *Chambers v. Armontrout,* 16 F.3d 257, 261 n. 2 (8th Cir.1994); the length of the delay; whether

2

F R A N K   H A N D E L M A N

*Honorable John Gleeson*
*July 15, 2010*

the reason for the delay was within the respondent's control; and, the danger of prejudice to the non-moving party *Harvest v. Castro* 531 F.3d 737, 746 (2008).

Respondent claims to have been attempting to do two things during this period.  First was the effort to contact the complaining witness, which they admit to have previously tried without success.  This earlier attempt to contact the complainant demonstrates that they previously recognized the possible need for retrial based on the court's earlier rulings.  It therefore already had notice of this issue prior to the 45 days allotted.

The other stated effort was the determination of whether to file a petition for a *writ of certiorari* to the Supreme Court.  This clearly could have been accomplished within the time allotted, not even addressing the fact that respondent could have been pondering the issue before the final ruling.  Assuming discussions were required between the Queens District Attorney's Office and with the New York State Attorney General as to the merits of filing for *certiorari*, this could have easily been accomplished within several weeks at most, far less than the 80 day period respondent claims was needed for this review.  Respondent does not contend that there was an administrative failing, that it was unaware of the deadline, nor that there was a procedural obstacle preventing it from rendering notice or requesting an extension.

**II.  There has been prejudice to the petitioner as a result of the delay.**

Respondent claims that there has been no prejudice to the petitioner as the result of their violation of the conditional writ, because the petitioner is currently incarcerated due to an unrelated conviction.  Often when a writ of habeas corpus is granted, the petitioner may be re-arrested upon his or her release, resulting in another suspension of his or her liberty Foster v. Lockhart, 9 F. 3d 722, 728 (1993), but this does not suggest that the writ need not be granted in a timely manner.  To create a policy wherein the state may ignore a court's request for a timely response simply because the petitioner is incarcerated would result in repeated violations of the right to due process. In the case of Ramchair, the respondent's late notice herein has only caused further delay and litigation in a case already tortured by both.

The petitioner has already suffered through countless delays, including three different trials and a five year delay in his appellate brief being filed.  There is absolutely no reason for this

3

FRANK HANDELMAN

*Honorable John Gleeson*
*July 15, 2010*

issue to be exacerbated by allowing this late notice of intent for retrial and it is respectfully requested that Your Honor deny the respondent's request for an extension of time herein.

Thank you for your kind consideration.

Sincerely,

Frank Handelman

Cc:     John M. Castellano, Esq.
        Deputy Executive Assistant District Attorney
        Queens County

        Roseann B. MacKechnie, Esq.
        Deputy Solicitor General, Criminal Matters
        State of New York Office of the Attorney General

4